## MORRISETT v. UNITED STATES.

### (Circuit Court, D. Oregon. October 20, 1904.)

### No. 2,707.

1. INDIANS—ALLOTMENT OF LANDS—RECOVERY OF LANDS FROM DIVORCED WIFE.

> Plaintiff, an Indian of the Walla Walla tribe, selected and claimed the allotment to him of 160 acres of land in the Umatilla reservation as the head of a family consisting of himself and his wife. He alleged that, through the misrepresentation of his wife that she was a single woman, 80 acres of the tract so selected was allotted to her, and the remainder, only, to him as a single person. His wife afterward obtained a divorce. *Held*, that the extra allotment of 80 acres to which plaintiff was at the time entitled under the law resulted from his status as a married man, and that after he had lost such status, presumably through his own fault, he had no standing in equity to recover from his wife the land which, if allotted to him, would have been on her account, if not in her right.

In Equity. Suit by Indian to recover land allotted to his divorced wife. On demurrer to bill.

R. J. Slater and J. T. Hinkle, for complainant.

John H. Hall, U. S. Atty., and T. G. Hailey, for the United States.

BELLINGER, District Judge. Plaintiff alleges that he was a member of the Walla Walla band of Indians, and resided on and improved and inclosed the premises in question; that Julia Morrisett was his wife, but falsely represented to the commissioners that she was single, and that complainant was only entitled to an allotment as a single person, with the result that 80 acres of the 160 selected by complainant was allotted to said Julia Morrisett as a single person; that thereafter, in 1892, she obtained a divorce from complainant, and subsequently remarried.

The right to the allotment of 160 acres claimed by the complainant is based upon his status as the head of a family consisting of himself and wife. If Julia Morrisett was his wife at the time, he was entitled to the allotment claimed, in consideration of the duties and responsibilities towards her which that relation imposed upon him. The increased allotment in that case would have been, if not in her right, at least on her account. It would have been a provision for both instead of one, as actually made; and, upon completion of title in him, her subsequent divorce, in a suit brought by her, would have entitled her to a third part of all the real estate owned by him, and such sum of money in addition as the court granting the decree might think just and proper. The fact that a divorce was granted her on her complaint raises a presumption that he forfeited the status which is the basis of his right to the increased allotment claimed. There is therefore no equity in his present claim, and this would be true if there was no presumption against him of misconduct towards his wife. He would not be entitled in equity, after becoming legally separated from his wife, to have lands awarded to him on her account that had in the meantime been allotted to her in her own person. Without regard to the causes which led to the severance of the relation between them, the court might, as a condition to the granting of such relief as is prayed for, require the complainant to do equity by securing to Julia Morrisett, if she was living and no allotment had been made to her, the land to which she would have been entitled as a single woman. And, unless there is something in the allotting act inconsistent with such relief, the court might in any case impose a like condition, in the case of married persons, in the wife's favor. The maxim, "He who seeks equity must do equity," has application in such cases, and so, when "a husband or his assignee comes into a court of equity and seeks its aid to reach her property, the court may, under certain circumstances, compel the plaintiff, as a condition of obtaining relief, to secure a portion of the property to the separate use of the wife by a settlement, although at law she has no right over it." Note 1 to section 386, Pomeroy's Equity. "It is the established rule that a court of equity will refuse its aid to give to a plaintiff what the law would give him if courts of law had jurisdiction, without imposing upon him conditions which the court considers he ought to comply with, although the subject of the condition should be one which this court would not otherwise enforce." In this case, as already appears, the allotment which the law intended should be made to the husband in the joint interest of himself and wife was made to each of them in their several interests, and this allotment is precisely what the law would have required if the relation of the parties had been at the time what it afterwards became. Independently of the equitable considerations mentioned, I am of the opinion that the legal right of the complainant to an allotment, depending upon his status as the husband of Julia Morrisett, was lost by the dissolution of their marriage, and that, inasmuch as this court is petitioned to direct what is in effect a new allotment, the rights of the complainant must be determined with reference to the status which he created for himself after the allotment complained of was made.

It is neither legal nor equitable that Julia Morrisett's representatives should be deprived of the allotment made to her in order that it may be given to complainant upon the strength of a relation which his misconduct destroyed.

The demurrer is sustained.